UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,
     Plaintiff,

v.

WHITNEY NAHOOLEWA,
     Defendant.

Case No. MJ17-5140

DETENTION ORDER

  THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

  This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community. This finding is also based on the presumption of detention pursuant to 18 U.S.C. Section 3142(f)(1)(c) and the Court's authority to decide the issue of pre-removal detention pursuant to Federal Rule of Criminal Procedure 5.

*Findings of Fact/ Statement of Reasons for Detention*

Presumptive Reasons/Unrebutted:
- ( ) Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)
- ( ) Potential maximum sentence of life imprisonment or death. 18 U.S.C. Sect. 3142(f)(B)
- (X) Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
- ( ) Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

Safety Reasons:
- ( ) Defendant is currently on probation/supervision resulting from a prior offense.
- ( ) Defendant was on bond on other charges at time of alleged occurrences herein.
- ( ) Defendant's history of driving while under the influence.
- ( ) Danger of instance offense.

Flight Risk/Appearance Reasons:
- ( ) Defendant present on writ from state court.
- ( ) Immigration and Naturalization Service detainer.
- (X) Indictment/Warrant(s) from the District of Guam.
- ( ) No verified address and few ties to community.
- (X) Serious risk to avoid possible return to the District of Guam and for the reasons stated orally on the record.

*Order of Detention*

▸ The United States District Court for the Western District of Washington has legal authority to conduct a pre-removal detention hearing and issue a detention order under Federal Rules of Criminal Procedure 5(c)(2)(A), 5(c)(3), 5(d)(3), as well as 18 U.S.C. Section 3142(a)(4), (e), (f)(1)(C), (i). *See generally, United States v. Gonzalez,* 852 F.2d 1214, 1215 n.1 (9th Cir. 1988) (purpose of a pre-removal detention hearing is to determine whether the arrestee should be released pending return to the charging district); *U.S. v. Thomas,* 992 F. Supp. 782, 785, 787 (D. Virgin Islands 1998) (recognizing that when the defendant was arrested in the Virgin Islands but was charged in the Eastern District of Virginia, the charging jurisdiction has the greatest interest in the defendant's appearance, and that the jurisdiction where the arrest occurs may issue an order of detention under the Bail Reform Act); *see also, U.S. v. Altamirano-Nunez,* 2007 WL 2783161, No. 01-100S (D. Rhode Island 2007) (when the defendant was arrested in the Central District of California, and returned to face trial in the charging district – the District of Rhode Island – under the Bail Reform Act, the Magistrate Judge in Rhode

Island (the charging district) was not bound by law of the case doctrine to follow the release decision made by the California Magistrate Judge (the district of arrest) under Federal Rule of Criminal Procedure 5 concerning removal proceedings in California.
- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.
- Based on the stipulation of the parties, the Defendant shall not be transferred to the District of Guam pending the Rule 20 Status Hearing on September 19, 2017 or until the Court signs an Order of Transfer, whichever last occurs.
- The Court determined that the defendant did not overcome the presumption of detention. The defendant alleged that she has personal connections (defense counsel listed the following connections in Washington: her child, her girlfriend, and her girlfriend's family) and a place to live in Western Washington. The Court nevertheless finds that this tie to the community in the arresting jurisdiction is not sufficient to overcome the presumption of detention under the circumstances presented. In this situation, the defendant's family and living arrangements in the Western District of Washington are insufficient to convince the Court that these ties would give the defendant a reason to stay, rather than flee, if she thought she might be required to return to Guam. The pretrial services report shows that the defendant is not employed in the Western District of Washington, therefore no employment income to provide financial incentive for her to remain here. Moreover, the pretrial services report indicates that the defendant is 26 years of age and was born in Guam; she lived there until about two months ago when she fled Guam. She left the Territory of Guam even before charges (indictment dated August 16, 2017) were filed there, according to defense counsel, apparently having become frightened that she would be in danger if she remained in, or if she were to return to the Territory of Guam. Because the defendant has already fled Guam, and continues to have a strong belief and a perceived or actual disincentive (because of her concerns about whether others in Guam will harm her) to comply with court processes that would invoke the possibility of being required to return to face charges in the District of Guam, the defense has not met its burden of production. The defense fails to show, by any of the evidence it has produced, that her family, friends, and her living arrangements in Western Washington are reasons that could possibly overcome the statutory presumption. The defendant should be detained because she is an extreme risk of flight.
- The defendant is charged with two drug trafficking offenses, each carrying more than 10 years of potential incarceration as a maximum sentence. The government carried its burden in response to all of the defense arguments, and has persuaded the Court that the presumption in this case must be adhered to, because the risk of flight is significant.
- Even if the presumption had not been applied, the Court would decide that detention is appropriate under Federal Rule of Criminal Procedure 5(c)(3), 5(d)(3) because the circumstances show that the defendant is frightened about whether other people in Guam may want to harm her, and she has recently fled from the Territory of Guam to avoid this perceived or actual danger. The record shows that the parties have not reached a point where Federal Rule of Criminal Procedure 20 is being implemented. The defendant's ties to the community and living arrangments here in Washington are not sufficient to show that she would comply with a court-imposed set of conditions; she has no employment to keep her here; and she would have strong reasons to try and escape from any chance that a court might order her removal and return to Guam to face trial.

September 5, 2017

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge